# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO. 20-20057
HON. DENISE PAGE HOOD

v.

JEROME MILLER,

    Defendant.

_____/

## ORDER STRIKING DEFENDANT'S *PRO SE*
## MOTION TO DISMISS CRIMINAL COMPLAINT [#11]

Defendant filed a *pro se* motion with the Court on November 22, 2019, titled "Motion to Dismiss Criminal Complaint." [ECF No. 11] The Government filed a response [ECF No. 12] on December 13, 2019 and subsequently filed an Indictment against Defendant. [ECF No. 13] The Court held a hearing on February 27, 2020.

Defendant was appointed legal counsel September 26, 2019 (Richard H. Morgan, Jr.). Mr. Morgan continued to represent Defendant at the time Defendant filed his Motion to Dismiss Criminal Complaint, and Mr. Morgan still represents Defendant today. It is well-established law in the Sixth Circuit that a criminal defendant cannot proceed with hybrid representation, whereby he asserts both the right to proceed *pro se* and the right to counsel – he must choose one or the other. *See, e.g., United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (citing *United States v.*

*Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970)).  The only possible exception would be if the Court permits a form of hybrid representation. *Mosely*, 810 F.2d at 97-98.

Defendant never filed a motion to proceed *pro se* or by hybrid representation. The Court has not determined, and does not determine, that hybrid representation is appropriate or necessary at this stage of the proceedings.  The *pro se* filing by Defendant (the Motion to Dismiss Criminal Complaint) will be stricken from the record.

Accordingly,

IT IS ORDERED that the Clerk of the Court shall STRIKE the *pro se* Motion to Dismiss Criminal Complaint [ECF No. 11] filed by Defendant.[1]

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
February 27, 2020                    UNITED STATES DISTRICT JUDGE

---

[1]The Court also notes that Defendant's *pro se* Motion to Dismiss Criminal Complaint lacks merit.  Prior to the motion being filed, Defendant's counsel (Mr. Morgan) and the Government twice stipulated to, and the Court entered orders granting, an extension of time within which to hold Defendant's preliminary examination and agreed that such periods of time constituted excludable delay for purposes of the Speedy Trial Act. *See* ECF Nos. 9 and 10.  Pursuant to such stipulated orders, and taken in conjunction with the Indictment being filed on February 5, 2020 and Defendant's *pro se* Motion to Dismiss Criminal Complaint, the Speedy Trial clock has not yet begun to run.